FILED

2017 Apr-05  PM 04:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** } | |
| } | |
| **v.** } | |
| } | |
| **LUSION YOSHUA RICE,** } | **Case No.: 2:16-cr-00095-RDP-JHE** |
| } | |
| **Defendant.** } | |
| } | |
| } | |
| } | |

## MEMORANDUM OPINION

This matter before the court on the sentencing of Defendant Lusion Yoshua Rice. On July 14, 2016, Defendant entered a plea of guilty to a single charge that he violated Title 18 U.S.C. § 922(g)(1). (Docket Entry at 7/14/16, *also* Doc. # 16). There is no plea agreement between Defendant and the United States. (Docket Entry at 7/14/2016, PSR at ¶ 68). The U.S. Probation Office published the presentence investigation report (PSR) in the case, and calculated Defendant's guideline range of imprisonment at 180 to 188 months.

In coming to this calculation, the U.S. Probation Office applied the Armed Career Criminal Act ("ACCA") based on Defendant's following previous convictions: a 2003 conviction for Michigan carjacking (PSR ¶ 24; a 2009 conviction for Alabama second degree robbery (PSR ¶ 28); and a 2011 conviction for Alabama third degree robbery (which involved two separate counts) (PSR ¶ 29, 30). Defendant filed objections to the PSR. Among his objections, he argues that the ACCA should not apply to him because neither his Michigan carjacking conviction nor any of his Alabama robbery convictions constitute violent felonies under the ACCA. (*See* Doc. # 18).

Defendant's case was docketed for sentencing on October 26, 2016.   Prior to the sentencing hearing, the undersigned held a conference with the parties to discuss their respective positions, and ordered additional briefing on the ACCA issues presented in this case.  The matter is now fully briefed.  (*See* Docs. #23, 24, 25, 26, 29).  On March 9, 2017, the court heard oral argument regarding the sentencing issues in this case.

## I.      The ACCA

Under the ACCA, a defendant convicted of violating 18 U.S.C. § 922(g) is subject to a mandatory minimum sentence of 15 years if he has three prior convictions for a "violent felony" or "serious drug offense."   18 U.S.C. § 924(e)(1); *United States v. Fritts*, 841 F.3d 937, 938 (11th Cir. 2016).   The term "violent felony" means any crime punishable by imprisonment of a term exceeding one year that:

> (i) has an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).

## II.      The United States Sentencing Guidelines

Under the Guidelines, a defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.  U.S.S.G. § 4B1.1(a).  Under the Guidelines, a "crime of violence" is an offense punishable by imprisonment for a term exceeding one year that:

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. 5845(a) or explosive material as defined in 18 U.S.C. 841(c).

U.S.S.G. § 4B1.2(a)

## III.    Analysis

In his Objection to Presentence Investigation Report, Defendant contends that the PSR miscalculates his guideline range for sentencing purposes.  He argues that neither his robbery nor carjacking convictions are qualifying "violent felonies."   In addition to arguing that the court should not apply the mandatory minimum penalty of the ACCA, Defendant also argues that the court should not apply the enhanced penalties of U.S.S.G. § 4B1.1.

Defendant also disputes the U.S. Probation Office's calculation of his criminal history score at 11, resulting in a criminal history category of V.  (Doc. # 19, PSR ¶ 67).  Specifically, he disputes the allegation that he was on probation in Jefferson County on May 21, 2015, the date of his most recent offense. (*See* PSR ¶ 34).   The Government agrees with Defendant that his Jefferson County probationary period should have expired no later than October 2014, and does not oppose Defendant's objection based on that ground. (Doc. # 29).  Accordingly, Defendant's objection with respect to paragraph 34 of the PSR is due to be granted, as the two-point enhancement applied in that paragraph was improperly applied.

### A.  Alabama Robbery Offenses

Defendant argues that his Alabama robbery convictions do not qualify as "violent felonies" or "crimes of violence."   The court employs the categorical approach in evaluating Defendant's arguments.  *See Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013).

###### i.    ACCA Analysis

In 2010, Defendant was twice convicted of robbery in the third degree in Alabama. Further, he was convicted once in 2009 of second degree robbery in Alabama.  He argues that Alabama robbery in the third degree is neither a "violent felony" under the ACCA nor a "crime of violence" under the Guidelines.   In Alabama, the definition of robbery in the third degree is as follows:

> (a) A person commits the crime of robbery in the third degree if in the course of committing  a theft he:
>
> > (1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or
> >
> > (2) Threatens the imminent  use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property.

Ala. Code § 13A-8-43.  Robbery is not listed in the "enumerated-offenses clause" of 18 U.S.C. § 924(e)(2)(B)(ii).  Accordingly, in order for Alabama third degree robbery to qualify as an ACCA "violent felony," it must meet the standard set forth in 18 U.S.C. § 924(e)(2)(B)(i). That is, such a conviction must have "as an element the use, attempted use, or threatened use of physical force against the person of another."  18 U.S.C. §924(e)(2)(B)(i)  The key phrase in the analysis, then, is "physical force," and question posed is whether Alabama's third degree robbery statute criminalizes  conduct that meets this standard.[1]

 With respect to what conduct constitutes "physical force" for ACCA purposes, the Supreme Court has previously stated: "[w]e think it clear in the context of a statutory definition of *violent* felony,' the phrase 'physical force' means *violent* force – that is, force capable of

---

[1]  As Defendant correctly asserts (and the Government does not disagree), the categorical approach applies to the analysis of the robbery statutes at play in this case.  Accordingly, the court examines only the elements of the crime of conviction, and does not consider the facts the judge or jury actually found in convicting the defendant. *Taylor v. United States*, 495 U.S. 575 (1990).

causing physical pain or injury to another person." *Curtis Johnson v. United States*. 559 U.S. 133, 140 (2010).  The court has not found, and the parties have not presented, any Alabama Supreme Court cases that address the level of force required to commit third degree robbery in Alabama.  However, Defendant points to a number of cases decided by the Alabama Court of Criminal Appeals which discuss the force required to commit third degree robbery in Alabama. He contends that these cases establish that an individual may be convicted of third degree robbery in Alabama for using force that is less than what is required to satisfy the "physical force" requirement of the ACCA as articulated in *Curtis Johnson*.

For example, Defendant cites *Carroll v. State*, 440 So. 2d 1168 (Ala. Crim. App. 1983) for the premise that, when alleging third degree robbery, "an indictment or information need not allege the kind or manner of force used, or the degree of force employed." *Id.* at 1169-70.  He also cites *Casher v. State*, 469 So. 2d 679 (Ala. Crim. App. 1985) for the proposition that "[t]he force in taking the property of another implies personal violence.  The degree of force used is not material.  The force used is sufficient if it prevents resistance." *Id.* at 680-81.  Defendant further cites a line of cases suggesting that a "push," "brief struggle," or a "tug and yank" of a purse are sufficient to meet the force requirement for Alabama third degree robbery.  (Doc. # 23 at pp. 5-7, *citing Wright v. State*, 487 So. 2d 962, 964-65 (Ala. Crim. App. 1985); *Fantroy v. State*, 560 So. 2d 1143, 1144 (Ala. Crim. App. 1989); *Jackson v. State*, 969 So. 2d 930, 933 (Ala. Crim. App. 2007)).  In particular, Defendant points to *Jackson*, where the Alabama Court of Criminal Appeals held that evidence was sufficient to support a third-degree robbery conviction where the defendant "rushed toward [the victim], tugged her purse a couple of times, yanked her purse off of her arm, and ran away." *Jackson*, 969 So. 2d at 931.

Defendant also references opinions from the Fourth and Eighth Circuits that have held similar state robbery convictions do not satisfy the ACCA's force requirement. *See United States v. Gardner*, 823 F.3d 793 (4th Cir. 2016); *United States v. Eason*, 829 F.3d 633 (8th Cir. 2016). Applying analysis similar to the one Defendant suggests this court should employ, those circuit courts held that state statutes that allowed convictions based on minimal contact or "light" grabbing of a victim's dress did not criminalize contact sufficient to meet *Curtis Johnson*'s definition of physical force. *Id.* The problem for Defendant here is that those Fourth and Eighth Circuit decisions cannot be squared with our own Circuit's precedent.

Two decisions of the Eleventh Circuit -- *United States v. Lockley*, 632 F.3d 1238 (11th Cir. 2011) and *United States v. Fritts*, 841 F.3d 937 (11th Cir. 2016) -- are instructive in this case. *Lockley* dealt with Florida's robbery statute, which is similar to Alabama's statute with respect to the amount of force required to commit the offense of robbery. Florida robbery involves:

> The taking of money or other property which may be the subject of larceny from the person or custody of another, with the intent to either permanently or temporarily deprive the person or the owner of the money or other property, which in the course of the taking there is the use of force, violence, assault, or putting in fear.

Fla. Stat. § 812.13(1). The taking, "must be by the use of force or violence or by assault so as to overcome the resistance of the victim, or by putting the victim in fear so that the victim does not resist." Fla. Std. Jury Inst. (Crim.) 15.1. In determining that section 812.13(1) satisfied the elements clause of U.S.S.G. § 4B1.2(a)[2], the Eleventh Circuit reasoned that "[a]ll but the latter option [(*i.e.*, "putting in fear")] specifically require the use or threatened use of physical force

---

[2] The definition of "violent felony" under the ACCA is "virtually identical" to the definition of a "crime of violence" under U.S.S.G. § 4B1.2 and the two are thus comparable. *See United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008); *also United States v. Alexander*, 609 F.3d 1250 (11th Cir. 2010).

against the person of another." *Lockley*, 632 F.3d at 1245. The property taken was of some value.

Similarly, the *Fritts* court relied on *Lockley*'s reasoning in affirming a holding that Florida armed robbery is a violent felony under the ACCA. 841 F.3d at 942. Given that *Lockley* determined that Florida robbery categorically satisfied the elements clause of the Guidelines, *Fritts* stated "[a]s an alternate and independent ground, we hold here that under *Lockley* alone a Florida armed robbery conviction under § 812.13(a) categorically qualifies as a violent felony under the ACCA's elements clause." *Id.* Fritts made the same argument in his case that Defendant advances here: *Curtis Johnson* abrogated *Lockley*. *Id.* However, the court noted that *Lockley* was decided after and cited to *Curtis Johnson*, and thus was binding prior panel precedent. *Id.* Further, the court concluded that, in any event, "nothing in *Curtis Johnson*, a simple battery case, undermines our binding precedent in *Dowd* or *Lockley* about robbery and armed robbery crimes." *Id.* The *Fritts* court noted Florida Supreme Court decisions which (1) "stressed that robbery requires 'more than the force necessary to remove the property' and in fact requires both 'resistance by the victim' and 'physical force by the offender' that overcomes that resistance," and (2) "held that 'the force that is required to make the offense a robbery is such force as is actually sufficient to overcome the victim's resistance.'" *Id.* at 943. These decisions were instructive in the *Fritts* panel's determination that Florida robbery (and thus, armed robbery) meets the *Curtis Johnson* standard. *Id.* at 943-44.

Alabama robbery, like Florida robbery, qualifies as "violent felony" under the ACCA's elements clause. Defendant argues that Alabama's requirement that an offender use force against another with the intent to overcome his physical resistance is insufficient to meet the ACCA's elements clause. However, just as was the case in *Lockley*, the elements of Alabama

robbery "specifically require the use or threatened use of physical force against the person of another." *Lockley*, 632 F.3d at 1245.

Moreover, to the extent that the court is obligated to look beyond the statutory text to Court of Criminal Appeals decisions in order to engage in the categorical analysis[3], this determination does not change. Under Alabama law, "[t]he use of force in taking the property of another implies personal violence." *Casher v. State*, 469 So.2d 679, 680 (Ala. Crim. App. 1985). This is because an offender in Alabama must use, or threaten to use, sufficient force to overcome the victim's physical resistance in order to be convicted of third-degree robbery. *Id.* at 680-81. While Defendant argues that the degree of force used is "immaterial," this is only true when

---

[3] The court questions the utility of analyzing state appellate court decisions in performing a categorical analysis in circumstances such as this. In *Curtis Johnson*, the court noted that it was "bound by the Florida Supreme Court's interpretation of state law, including the elements of [the state law offense]." 559 U.S. at 138. And, as our circuit has stated, "absent a decision from the state supreme court on an issue of state law, [federal courts] are bound to follow decisions of the state's intermediate appellate courts unless there is some persuasive indication that the highest court of the state would decide the issue differently." *McMahan v. Toto*, 311 F.3d 1077, 1080 (11th Cir. 2002). However, the cases cited by Defendant here do not establish or define the elements of Alabama robbery. Instead, the cases Defendant cites serve as no more than illustrative examples of the type of conduct that is (or might be) sufficient to sustain a conviction under state law.

Under the categorical approach, an elements-only focus avoids unfairness to defendants. *Mathis*, 136 S.Ct. at 2253. Statements of non-elemental fact in prior state court records are prone to error because "their proof is unnecessary," and as such should not be considered because potential inaccuracies (which "should not come back to haunt the defendant… down the road") may go uncontested at trial or a plea hearing. *Id.* However, analysis of decisions by state courts of appeal can pose a similar risk of inaccuracy. By way of example, Defendant cites *Fantroy v. State* as an example of an instance where minimal force was sufficient to support an Alabama robbery conviction. 560 So. 2d 1143, 1144 (Ala. Crim. App. 1989) (where defendant was convicted of robbery after he "grabbed a purse from [the victim] after a brief struggle"). While this quote comes directly from *Fantroy*'s text, the *Fantroy* opinion (which was only eighteen sentences total) addressed whether the trial evidence was sufficient to convict the defendant of robbery in the second degree, as opposed to robbery in the third degree. This determination turns solely on whether an offender is aided by another person actually present, and the amount of force used is of no consequence in that analysis. Thus, while the court's characterization of the force used to commit the offense was unnecessary to its holding, it may still be cited as evidence that Alabama robbery is not a violent crime under the ACCA.

To be clear, our Circuit has established that federal courts may properly analyze relevant state court decisions in performing categorical and modified categorical analyses. *United States v. Gundy*, 842 F.3d 1156, 1163 (11th Cir. 2016); *Gudmalin v. U.S. Atty. Gen.*, 479 F. App'x 922, 925 (11th Cir. 2012). And this court has analyzed each of the cases presented by the parties (and conducted its own review of Alabama case law) in coming to its conclusion. However, the court notes that an examination of each "sufficiency of the evidence" case decided by the state appellate courts may risk reliance on inadvertently "loose" language, or place too much emphasis on state court opinions which were written for purposes wholly distinct from (1) a review under federal "violent felony" analysis, or even (2) a clear communication of all the elements of a crime.

analyzing the amount of force the defendant used beyond that which is necessary to overcome the victim's resistance. Because an offender is required to use enough force to overcome the victim's physical resistance, Alabama robbery is a "violent felony" for the same reason that Florida robbery is a crime of violence under *Lockley*. 632 F.3d at 1245.

This reasoning is consistent with the evidence in the cases that Defendant presents in his brief. In those cases, the courts held that a "push" that knocked a cash register attendant off balance, a "brief struggle," and the "tugg[ing]" and "yank[ing]" of a purse off of a woman's arm all involved force necessary to convict a defendant of Alabama third degree robbery. *Wright v. State*, 487 So. 2d 962, 964-65 (Ala. Crim. App. 1985); *Fantroy v. State*, 560 So. 2d 1143, 1144 (Ala. Crim. App. 1989); *Jackson v. State*, 969 So. 2d 930 (Ala. Crim. App. 2007).[4] In each of those instances, the conduct described is sufficient to meet the force requirement of *Curtis Johnson*. 130 S.Ct at 1271. *Curtis Johnson* established that "physical force" involves "force *capable* of causing pain or injury to another person." *Id.* (emphasis added). While *Curtis Johnson* requires force greater than the "merest touch," it does not require more than "a slap in the face, for example." *Id.* at 1272. Importantly, *Curtis Johnson* does not require that the force used actually have caused physical pain. Instead, courts are tasked with determining whether the force was *capable* of causing pain or injury. In each Alabama case that the court has reviewed, the force used in third degree robberies was "capable of causing pain or injury to another person." Yanks, pushes, tugs, and struggles may not create the risk of life-threatening injury; however, they each employ enough force to meet the standard set by *Curtis Johnson* for ACCA

---

[4] Alabama robbery may also be committed by threat of physical force. *See* Ala. Code § 13A-8-43(a)(2). Defendant does not argue that such "robbery-by-threat" is not a violent crime. And, to be sure, its elements categorize it as a violent crime. In such a circumstance, the threat must create a reasonable apprehension of bodily injury in the victim. *See Proctor v. State*, 391 SO. 2d 1092, 1093; *Pollard v. State*, 358 So. 2d 778, 781 (Ala. Crim. App. 1978); *Saffold v. State*, 951 So. 2d 777, 781 (Ala. Crim. App. 2006). Consistent with the Eleventh Circuit's analysis in *Lockley*, this is sufficient to establish robbery-by-threat as a violent felony. *See* 632 F.3d at 1244-45.

offenses.  Nothing in *Curtis Johnson* -- a case involving simple battery -- nor the Alabama cases cited by Defendant, convince the court that Alabama robbery does not involve the use of "physical force."  Accordingly, Defendant's past Alabama robbery third convictions qualify as ACCA predicates.

Finally, this analysis holds true for Defendant's conviction for second-degree robbery. Alabama Code § 13A-8-42 defines second-degree robbery as follows:

> (A) A person commits the crime of robbery in the second degree if he violates Section 13A-8-43 [third-degree robbery] and he is aided by another person actually present.

Thus, the only difference between second and third degree robbery involves whether the defendant is "aided by another person actually present."  The same "physical force" analysis used for third-degree robbery applies equally with respect to second-degree robbery, as there is no difference in the force requirement of the two crimes.  As such, Defendant's second-degree robbery conviction also qualifies as a crime of violence for ACCA purposes.

### ii.    U.S.S.G. Analysis

In addition to arguing that his Alabama robbery convictions are not "crimes of violence" pursuant to the ACCA, Defendant also argues that they do not qualify as violent felonies under the Guidelines.  However, the elements clause of section 4B1.2(a) employs language identical to the definition of violent felony set forth in 18 U.S.C. § 924(e)(1)(B)(i).  Because Defendant's convictions for Alabama robbery qualify as violent felonies under the ACCA's elements clause, the above analysis applies, and those convictions also qualify as crimes of violence under section 4B1.2(a)'s elements clause.  *United States v. Romo-Villalobos*, 674 F.3d 1246, 1248 (11th Cir. 2012) (noting the similarities between the analyses under the elements clause of the ACCA and the elements clause of section 4B1.2(a), and finding the two comparable); *United States v. Razz*,

2017 WL 631655, at *3 n.1 (11th Cir. Feb. 16, 2017) (finding that *Lockley* controlled in an ACCA case, because the elements clause in section 4B1.2(a) was identical to the ACCA's elements clause).

### B. Michigan Carjacking Conviction

Defendant also argues that his Michigan carjacking conviction does not qualify as a "violent felony" or "crime of violence." The court employs the categorical approach in evaluating Defendant's argument. *See Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013).

Section 750.529a of the 2003 Michigan Penal Code states:

> [A] person who by force or violence, or by threat of force or violence, or by putting in fear robs, steals, or takes a motor vehicle as defined in section 412 from another person, in the presence of that person or the presence of a passenger or in the presence of any other person in lawful possession of the motor vehicle, is guilty of carjacking.

*Id.* A plain reading of the statute demonstrates that the phrases "force or violence, or by threat of force or violence, or by putting in fear," and "robs, steals, or takes" are alternative means of committing the offense, not alternative elements. *Cf. Mathis v. United States*, 136 S. Ct. 2243 (2016) ("ACCA disregards the means by which the defendant committed his crime, and looks only to that offense's elements."). Accordingly, all conduct covered by it must satisfy the requirements of a violent felony under the categorical approach.

While the carjacking statute references "force or violence," Defendant argues that Michigan courts have defined that term as "any use of physical force against another person so as to harm or *embarrass* him." *People v. Chandler*, 506 N.W.2d 882, 884 (Mich. Ct. App. 1993) (emphasis added). Further, while Michigan courts have previously held that a carjacking requires proof of an assault and a larceny, *Parker v. Withrow*, No. 00-10164-BC, 2002 WL 31749155, at *6 (E.D. Mich. Nov. 12, 2002), Defendant contends that "assault does not have to

cause an actual injury," and, in fact, a Michigan court has affirmed a carjacking conviction where the victim testified that the defendant "aggressively slid over toward [the victim] in … a threatening manner, touching him and causing him to move closer to the driver's side door" but "did not use or threaten to use force or violence." *People v. Johnson*, 407 Mich. 196, 209 (Mich. 1979); *People v. Terry*, 224 Mich. App. 447, 452-53 (1997). Accordingly, Defendant argues, the minimum conduct sufficient to support a Michigan carjacking conviction falls below the minimum threshold set by *Curtis Johnson*. The court disagrees.

At the time of Defendant's conviction, Michigan's carjacking statute specifically required that the offense be committed by "force or violence, or by threat of force or violence, or by putting in fear." While Michigan courts have not defined each of these phrases in the context of carjacking, they have done so with respect to Michigan's robbery statute (MCL § 750.530), which is "almost identical" to Michigan's carjacking statute. *Thompson v. Gidley*, 2015 WL 3756141, at *7 (E.D. Mich. June 17, 2015). If carjacking, or robbery, is committed by force or violence, or by threat of force or violence, it meets the elements clause of the ACCA. Similarly, if a robbery (and by extension, a carjacking) is committed by putting the victim in fear, it also involves the threat of physical force. *See People v. Kruper*, 340 Mich. 114, 121 (1954); *United States v. Tirrell*, 120 F.3d 670, 680 (7th Cir. 1997).

The cases cited by Defendant do not persuade the court otherwise. Certainly, the conduct involved in those cases was "capable of causing physical pain or injury to another person." *Curtis Johnson*, 130 S.Ct. at 1271. For example, in *People v. Terry*, 224 Mich. App. 447 (1997), the testimony at trial indicated that the defendant "tried to 'expel' [the victim] from the vehicle and… described defendant's actions as 'pushing the driver out.'" *Terry*, 224 Mich. App. at 452. In *People v. Royal*, 2000 WL 33406889 (Mich. Ct. App. Sept. 26, 2000), the

victim testified that she thought the defendant intentionally rear-ended her car, and that "she feared for her life." *Id.* at 2. In both such instances, such conduct meets the "physical force" threshold established in *Curtis Johnson*.

Similarly, at its best, Defendant's suggestion that carjacking may be accomplished by means of embarrassment does not change the court's conclusion. And, at its worst, the assertion is wholly curious. First, there is nothing to suggest from the statute's text that a Michigan carjacking could be accomplished by means of embarrassment. The court understands that in one of its decisions dealing with a statutory assault with intent to rob while unarmed the Michigan Court of Appeals approved a definition of "force or violence" that prohibits "any use of physical force against another person so as to harm *or embarrass him.*" *Chandler*, 506 N.W.2d at 884 (emphasis added). Defendant notes the similarity of language regarding force used in that statute and Michigan's carjacking statute. But there is no indication at all that this definition or instruction has been applied specifically to a carjacking case or what facts would support a conviction if a car were taken using embarrassment as the *modus operandi*.[5] Second, the statutory language makes plain that under any definition, "physical force" is required to

---

[5] The court has struggled with the concept of carjacking by use of embarrassment rather than force. What does that mean? For example, would the evidence in trial involving a carjacking that took place in an environmentally conscious city go something like this?

> Prosecutor: Sir, can you tell me about the day that the defendant took your car from you?
>
> Victim: I was sitting at a traffic light, and he appeared out of nowhere and he started shouting through my open window "Hey! That's a gas guzzling SUV. Get out!"

Or, if such a case which occurred in a more rural setting, perhaps the evidence would be as follows:

> Prosecutor: Sir, can you tell me about the day that the defendant stole your car?
>
> Victim: I was driving down a country road a few miles from my house. I saw the defendant broken down on the side of the road. He flagged me down. When I stopped, he ran up to my window and screamed "You're driving a Prius – get out!"

Only in strange universes like those does carjacking by embarrassment make any sense.

prove carjacking.   Accordingly, Michigan carjacking qualifies as a "violent felony" under the elements clause of the ACCA.   Moreover, due to the similarities between the elements clause of the ACCA and the Guidelines, Defendant's Michigan carjacking conviction qualifies as a crime of violence under the Guidelines.

**V.      Conclusion**

Defendant's Alabama robbery and Michigan carjacking convictions qualify as violent felonies for ACCA purposes, and crimes of violence under the U.S.S.G.   A separate order will be entered.

**DONE** and **ORDERED** this April 5, 2017.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

14